UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAURICE SCOTT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No: 4:15CV0793 HEA |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

# **OPINION, MEMORANDUM AND ORDER**

Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 [Doc. No.1] on May 18, 2015. Respondent filed a Response to the Court's Order to Show Cause Why Relief Should Not be Granted [Doc. No. 12] on September 1, 2015. On November 20, 2015, Petitioner filed his Traverse [Doc. No.15]. Pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court has determined that there are no issues asserted that give rise to an evidentiary hearing and therefore one is not warranted. For the reasons explained below, the Response to the Order to Show Cause Why Relief Should not be Granted is well taken and the petition will be denied.

## **Procedural Background**

Petitioner was found guilty by a jury on October 13, 2011 of Statutory Rape First Degree-Sexual Intercourse with a Person Less Than 12 Years Old and

Statutory Sodomy First Degree-Deviate Sexual Intercourse with a Person Less Than 12 Years Old. On December 8, 2011, Petitioner was sentenced to two concurrent thirty year sentences. On December 9, 2011 Petitioner timely filed his Notice of Appeal.

On appeal to the Missouri Court of Appeals Petitioner asserted the trial court for the Twenty-First Judicial Circuit, St. Louis County abused its discretion in admitting the deposition of the victim through the court reporter under RSMo §491.075. The Missouri Court of Appeals concluded the trial court did not abuse its discretion as there was substantial evidence in the record supporting the trial court decision to admit out of court statements pursuant to Section 491.075. The Missouri Appeals Court also concluded that even if it were error to admit the deposition of the victim it was not prejudicial as it was not outcome determinative due to other evidence of Petitioner's overwhelming guilt.

Petitioner further sought relief by timely filing his motion for post-conviction relief pursuant to Rule 29.15, Missouri Rules of Criminal Procedure. In this motion Petitioner alleged he was the victim of ineffective assistance of counsel by trial counsel advising him to not testify in his own defense. The trial court conducted a hearing and denied the relief sought under Rule 29.15.

The ruling by the trial court was timely filed to the Missouri appeals Court. On March 10, 2015 the Missouri Appeals Court, Eastern District of Missouri,

through its Per Curiam opinion affirmed the ruling of the trial court. The Appeals Court, applying *Strickland v. Washington*, 466 U.S. 668 (1984), concluded there was no error in the trial court's conclusion that counsel was not ineffective. The Missouri court further found Petitioner failed to meet his burden of proving prejudice at the hearing.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000). Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." 529 U.S. at 409.

A state court decision must be left undisturbed unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or the decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. *Colvin v. Taylor*, 324 F.3d 583, 586-87 (8th Cir. 2003).

A decision is contrary to United States Supreme Court precedent if it decides a case based on a different rule of law than the rule dictated by United States Supreme Court precedent, or it decides a case differently than the United States Supreme Court did on materially indistinguishable facts. *Id*. A decision may

only be overturned, as an unreasonable application of clearly established United States Supreme Court precedent, if the decision is both wrong and an objectively unreasonable interpretation or application of United States Supreme Court precedent. *Id*. A federal habeas court may not disturb an objectively reasonable state court decision on a question of federal law even if the decision is, in the federal court's view, wrong under Eighth Circuit precedent, and even if the habeas court would have decided the case differently on a clean slate. *Id*. State court factual determinations are presumed to be correct and this presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## Statute of Limitations

Congress provides a one-year window in which a habeas applicant can file a petition for writ of habeas corpus. That window opens at the conclusion of direct review. The window closes a year later. Failure to file within that one year window requires the court to dismiss the petition for writ of habeas corpus. 28 U.S.C. §2244(d) (1) (A); *See Cross-Bey v. Gammon*, 322 F.3d 1012 (8th Cir.), *cert. denied*, 540 U.S. 971 (2003). If an inmate does not seek a writ of certiorari on direct review, direct review concludes when the time limit for seeking further review expires. *Gonzales v. Thaler*, 132 S. Ct. 641, 653-54 (2012). Under Missouri Supreme Court Rule 30.01, Rule 30.03, Rule 81.04, and Rule 81.08, the time limit for filing a notice of appeal is ten days after sentencing.

## Procedural Bar

One who pursues relief under 28 U.S.C. §2254(b)(1)(A) must have exhausted the remedies available in the courts of the State. In order to effectuate the fulfillment of this requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before presenting those issues as application for federal habeas relief in federal court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). "A federal habeas petitioner's claims must rely on the same factual and legal bases relied on in state court"; otherwise, they are defaulted. *Winfield v. Roper,* 460 F.3d 1026, 1034 (8th Cir. 2006).

Exhaustion "refers only to remedies still available at the time of the federal petition." *Engle v. Isaac,* 456 U.S. 107, 125 n.28, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982). Thus, "if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law," the exhaustion requirement is satisfied. *Castille v. Peoples,* 489 U.S. 346, 351, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989). "[T]he procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can

demonstrate cause and prejudice for the default." *Gray v. Netherland,* 518 U.S. 152, 161-62, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996).

In Missouri, "habeas corpus is not a substitute for appeal or post-conviction proceedings." *State ex rel. Simmons v. White,* 866 S.W.2d 443, 446 (Mo. banc 1993). "Missouri law requires that a habeas petitioner bring any claim that a conviction violates the federal or state constitution, including a claim of ineffective assistance of counsel, in a motion for post-conviction relief." *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006). Accordingly, an offender who fails to raise his claims on direct appeal or in post-conviction proceedings has procedurally defaulted those claims "and cannot raise [the waived claims] in a subsequent petition for habeas corpus." *State ex rel. Nixon v. Jaynes,* 63 S.W.3d 210, 214 (Mo. banc 2001).

There are circumstances where a court may nonetheless reach the merits of a procedurally barred claim, but only if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). In order to satisfy the "cause" requirement, Petitioner must show that an "external" impediment prevented him from presenting his claim to the state court in a procedurally proper manner. *Id.* at 753.

## Discussion

Review under 28 U.S.C. § 2254 is a review to determine whether a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Here, Petitioner's allegations are set forth in Ground One: that trial court erred by allowing the deposition testimony of the victim, and Grounds two and three: that he received ineffective assistance of counsel.

Under 28 U.S.C.§ 2254(a) Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." Here, the question of the admissibility of the evidence under Missouri law is an issue entirely of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). As such, this claim is not cognizable under 28 U.S.C.§ 2254.

Grounds two and three are claims related to allegations of receiving ineffective assistance of counsel. Petitioner alleges ineffective assistance of counsel in Ground two by asserting counsel advised him to not testify in his trial. In Ground three he asserts the trial court erred in failing to grant his Rule 29.15 motion relating to the ineffective assistance of counsel claim.

Grounds two and Ground three were reviewed by the Missouri Appeals Court, Eastern District of Missouri. The claims were considered with *Strickland v.*

*Washington*, 466 U.S. 668 (1984) as the legal compass. In applying *Strickland* the Missouri Appeals Court concluded the ineffective assistance of counsel claims were without merit. In so doing, the Missouri court noted:

> The testimony the motion court found credible reveals that counsel did not advise Scott not to testify. Moreover, it supports the motion court's conclusion that Scott waived his right to testify knowingly, voluntarily and intelligently. Scott's argument on appeal completely ignores the motion court's credibility findings and, instead, relies entirely on his own deposition testimony that counsel had "falsely" told Scott he did not need to testify. This testimony has already been discredited by the motion court, and thus warrants no consideration by this Court. Moreover, even if the record showed that counsel had advised him not to testify, Scott has wholly failed to demonstrate that such advice was anything other than a reasonable trial strategy. *See Blair v.State*, 402 S.W.3d 131, 139 (Mo. App. W.D. 2013).
>
> Scott also completely failed to prove prejudice. While the allegations in his motion may have raised a presumption of prejudice for purpose of granting Scott the evidentiary hearing he wholly failed to meet his burden of proving prejudice by a preponderance of the evidence at that hearing. In his deposition testimony discredited by the motion court–Scott claims only that he would have testified that he was "not guilty." In his brief, he merely asserts that his "testimony would have changed the outcome of the case and provided a viable defense." We find no clear error in the motion court's conclusion that Scott failed to prove the result of his trial would have been different had he testified. *See Bode v. State*, 316 S.W.3d 406, 409 (Mo. App. W.D. 2010)(rejecting argument that prejudice presumed after evidentiary hearing at which movant did not describe proposed testimony and therefore could not establish how testimony would have changed outcome at trial); *see also Winfield v. State*, 93 S.W.3d 732, 736 (Mo. Banc 2002) (finding no proof of prejudice where movant said at evidentiary hearing he would have testified at penalty phase that he had not committed murders, but failed to show how that would have made difference in sentence).

(Respondent's Exhibit J, pp. 4-5). As a consequence, and consistent with *Colvin v. Taylor*, 324 F.3d 583, 586-87 (8th Cir. 2003), this is a reasonable determination of the issues and, as is legally required, must receive deference pursuant to 28 U.S.C §2254(d).

Grounds two and three are denied

## Conclusion

Based upon the foregoing discussion and analysis the Petition for Writ of Habeas Corpus must be denied.

## Certificate of Appealability

When a district court issues an order under § 2254 adverse to the applicant it "must issue or deny a certificate of appealability." R. Governing Section 2254 Cases in the U.S. Dist. Cts., R. 11. If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if the prisoner has shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the

petitioner should be allowed to proceed further." Id.; see also *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (interpreting *Slack* in the following manner: "1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted"). Petitioner's federal habeas petition is clearly time-barred under AEDPA, and no reasonable jurist could that find this case is timely filed. See *Slack*, 529 U.S. at 484; *Khaimov*, 297 F.3d at 786 Hence, no certificate of appealability will be issued.

Accordingly

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, [Doc.No. 1], is **DENIED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 13th day of September, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE